**In re AMERICAN ATHLETE COMPANY, INC., Debtor.**

**Bankruptcy No. 5–82–00661.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 4, 1983.

George E. Clark, Jr., Scranton, Pa., for Thomas Mulea.

Robert Scovell, Wilkes-Barre, Pa., for debtor.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The issue presented in this case is whether the automatic stay imposed by 11 U.S.C. § 362(a) bars the sale of stock of a Chapter 11 debtor between two private parties. We find that the stay is no bar to the sale.

The American Athlete Company, Inc., filed for relief under Chapter 11 of the Bankruptcy Code (the Code) on September 10, 1982. Morris Arcuri and Thomas Mulea each own fifty (50) shares of the debtor. Another party owns "ten or twenty shares of stock." Arcuri and Mulea executed two "buy-out agreements" both of which were dated June 7, 1982. Under the terms of the agreements Arcuri and other designed purchasers have the right to purchase and vote Mulea's stock while there is no default under the purchase agreement. Arcuri's stock is being held in escrow as security for his performance under the agreement. The agreement provides that in the event of default, Mulea has the right to repossess Arcuri's stock and either sell it or retain it in satisfaction of Arcuri's indebtedness. Following the filing of the debtor's petition in bankruptcy Mulea gave Arcuri notice of his default under the terms of the stock purchase agreement. When Mulea took action to repossess and sell Arcuri's stock, the debtor-in-possession commenced suit in this court to halt said action. Pending a determination of the merits of the action, this court issued an order enjoining the sale.

The debtor-in-possession contends that 11 U.S.C. § 362(a) of the Bankruptcy Code enjoins sale of the stock. Section 362(a) states as follows:

§ 362. *Automatic stay.*

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, or a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

Collier summarizes this section by stating that it "provides for a broad stay of litigation, lien enforcement, and other actions, judicial or otherwise, which would affect or interfere with property of the estate, property of the debtor, or property in the custody of the estate." 2 Collier on Bankruptcy § 362.01, p. 362–5 (15th ed. 1982). Applying each of the above subsections of

§ 362(a) to the case at bar we find that none clearly prohibits the challenged transaction. Since the sale of stock will not substantially affect or interfere with property of the estate, property of the debtor, or property in the custody of the estate, we are reluctant to expand implicitly the literal scope of § 362(a) in order to bar the transfer.

The legislative history of § 362 indicates the purposes of that section. In part, the history states as follows:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6296. From the above quoted language we deduce that Congress did not intend § 362(a) to bar the type of transfer presented in this case.

Our conclusion that the sale of stock is not enjoined by § 362 is supported by *First Southwest Corp. v. Texas Consumer Finance Corp. (In Re Texas Consumer Finance Corp.),* 480 F.2d 1261 (5th Cir.1973). In that case First Southwest Corporation appealed an order of the bankruptcy court which directed that all the holders of stock of the debtor corporation return their stock to the corporation for cancellation. The Fifth Circuit reversed the order of the bankruptcy court stating that "(s)ince the Bankruptcy Court, in Chapter XI proceedings, has jurisdiction of only the debtor and his property and the corporate debtor has no property interest in the shares of its stock owned by its shareholders, the Court has no jurisdiction to order or restrain disposal of their stock." *Id.* at 1266. Although *First Southwest Corp.* was decided under the Bankruptcy Act of 1898 rather than the Code, we find the distinctions between the stays afforded under the two acts irrelevant to the case at bar.

In light of the above authority we hold that § 362(a) does not bar the enforcement of the terms of the stock purchase agreement.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.